**Hugh BROWNE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 10395.**

United States Court of Appeals Fourth Circuit.

Argued May 30, 1966.

Decided Sept. 21, 1966.

Robert L. Millard, E. Paso, Tex., for petitioner.

Stephen H. Paley, Atty., Dept. of Justice (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson and Gilbert E. Andrews, Attys., Dept. of Justice, on brief), for respondent.

Before SOBELOFF, BOREMAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Circuit Judge:

The Tax Court determined that petitioner, Dr. Hugh Browne, was liable for unpaid income taxes in the amount of $27,073.89, plus civil fraud penalties of $14,452.01, due to understatement of income from 1950 through 1959. Because there were no adequate records from which to determine accurately petitioner's income, the Commissioner and the Tax Court employed the net worth method to estimate income during this period. Dr. Browne does not question the propriety of the method, but objects to the manner in which it was applied to reconstruct his income.

The Tax Court dealt in great detail with each of Dr. Browne's claims; some were modified in his favor, while others were unchanged. We in turn have reviewed each of the assigned errors, and conclude that the Tax Court correctly decided the questions presented to it; and in fact gave petitioner the benefit of the doubt wherever possible.[1] The income estimates of the Tax Court were based on a thorough consideration of all the evidence and will not be disturbed on appeal unless they are clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1958); Rule 52(a) Fed.R.Civ.Proc.

We turn to the additional finding of fraud and the assessment of a fraud penalty. Over a ten year period the income reported by Dr. Browne was less than 10% of his taxable income as determined by the Tax Court, a strong indication of fraud in the preparation of the returns. See, e. g., Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954); Romm v. Commissioner, 245 F.2d 730 (4th Cir. 1957). This, in conjunction with his failure to keep records and his admitted falsification in FHA loan applications, amply justifies the Tax Court's finding of civil fraud and assessment of penalties. See Diffendall v. Commissioner, 240 F.2d 836 (4th Cir. 1956); Romm v. Commissioner, supra.

Affirmed.

1. For example, although the only evidence of depreciation on a building owned by petitioner was the testimony of an accountant who had never seen the property, the Tax Court raised the Commissioner's depreciation rate from 2½% to 3%. Similarly, despite evidence that Dr. Browne frequented racetracks, drove a new Cadillac, had a private nurse, and asserted income of up to $30,000 per year in FHA loan applications, the Tax Court reduced the Commissioner's estimates of annual income by almost 10%—from an average of $6,000 per year to an average of about $5,500.